UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NAOMI SANDRES

VERSUS

STATE OF LOUISIANA, DIVISION OF
ADMINISTRATION, OFFICE OF RISK
MANAGEMENT

CIVIL ACTION

NUMBER 08-145-FJP-SCR

### RULING

The matter before the Court is the defendant's motion to dismiss the allegations in paragraphs 3 and 4 of the plaintiff's original and amended complaint.[1] Plaintiff has filed an opposition to this motion.[2] For reasons which follow, the defendant's motion is granted.

The instant case is a Title VII suit which requires the filing of an administrative complaint with the Equal Employment Opportunity Commission ("EEOC").[3] The Court must examine the plaintiff's complaint in light of the charges filed in the administrative complaint.

The Fifth Circuit has a broad interpretation of what is considered "in the scope of the plaintiff's EEOC Charge."[4] In *Fine*

---

[1] Rec. Doc. No. 41.

[2] Rec. Doc. No. 48.

[3] *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995).

[4] *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir.
(continued...)

*v. GAF Chem. Corp.*,[5] the court stated that "a court may consider as a basis for the plaintiff's Title VII suit only the specific allegations made in the plaintiff's EEOC complaint, as well as any kind of discrimination like or related to the charge's allegations limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination."

It is clear that the allegations in the plaintiff's amended complaint and EEOC charge are not reasonably related to each other due to the nature of the claims asserted. The plaintiff makes specific allegations of discrimination and retaliation in the EEOC charge. However, in paragraph 3 of the complaint, plaintiff states that a white person was interviewed for the front desk job and that the plaintiff was denied this interview. The Court views the plaintiff's complaint broadly in accordance with *Fine*[6] and finds that paragraph 3 does not fall within the scope of the EEOC charge. Therefore, the allegations in paragraph 3 are dismissed without prejudice.

The plaintiff also recounts an incident involving Missy Arnold

---

[4](...continued)
1970); *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447 (5th Cir. 1983); *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio,* 40 F.3d 698 (5th Cir. 1994).

[5]*Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993).

[6]*Id.*

in paragraph 4 of her complaint.  This incident was the subject of a lawsuit the plaintiff filed against the State of Louisiana on October 29, 2004. (Civil Action No. 04-780-C-M3)  In the 2004 suit, the plaintiff claimed that co-worker Missy Arnold made false statements regarding the plaintiff's use of leave.  The plaintiff makes the same allegation in the instant suit.  Thus, the question is whether the claim set forth in paragraph 4 should be dismissed because it is barred by the doctrine of res judicata.

There are four elements the Court must consider in applying res judicata: (1) are the parties identical or in privity; (2) was the judgment in the prior action rendered by a court of competent jurisdiction; (3) was the prior action concluded by a final judgment on the merits, and (4) was the same claim or cause of action involved in both actions.[7]  The Court finds that all four elements have been met in this case: (1) the parties in the instant suit are the same as in the 2004 lawsuit; (2) the court in the 2004 suit had proper jurisdiction pursuant to 28 U.S.C. § 1331; (3) the 2004 lawsuit was dismissed with prejudice on February 7, 2006; and (4) the plaintiff claims she suffered as a result of false allegations by Missy Arnold both in the 2004 lawsuit and the instant suit.  Therefore, the Court finds that the allegations in paragraph 4 are barred by res judicata and are hereby dismissed

---

[7]Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005).

with prejudice.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss the allegations in paragraphs 3 and 4 of the plaintiff's original and amended complaint is hereby granted.

Baton Rouge, Louisiana, October 2, 2008.

_____
FRANK J. POLOZOLA
UNITED STATES DISTRICT JUDGE