UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NAOMI SANDRES

VERSUS

STATE OF LOUISIANA
DIVISION OF ADMINISTRATION,
OFFICE OF RISK MANAGEMENT

CIVIL ACTION

NUMBER 08-145-FJP-SCR

**RULING MOTION/OPPOSITION TO SUBPOENA**

Before the court is the plaintiff's Motion/Opposition to Subpoena to West Telemarketing, which the court will treat as a motion to quash the subpoena and for a protective order.  Record document number 60.  The motion is opposed.[1]  Plaintiff requested, and the court granted, expedited consideration of the motion.[2]

Plaintiff objected to the subpoena issued by the defendant to West Telemarketing for the production of all records in its possession regarding the plaintiff.[3]  Plaintiff asserted that she worked for West Telemarketing six to eight years ago and her wages at that time are none of the defendant's business.

Defendant argued that the plaintiff failed to disclose in applications for state employment and in her discovery responses that she was working for West Telemarketing almost the entire time she was also working for the defendant.  Defendant argued that the

---

[1] Record document number 63.

[2] Record document number 62.

[3] Defendant's subpoena was issued to "West Telemarketing." Defendant's opposition memorandum refers "West Telecommunications." For the purpose of this motion, the court concludes that these are the same entity.

plaintiff's employment records may reveal that her requests for leave under the Family and Medical Leave Act related to her employment with West Telemarketing rather than an inability to do her state job due to a serious health problem.

The scope of discovery under Rule 26(b)(1) is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Rule 26(c)(1) permits the court to issue a protective order forbidding particular discovery only upon a showing of good cause.

Rule 45(c)(3)(A)(iii) requires the court to quash a subpoena if it requires disclosure of privileged or otherwise protected matter when no waiver or exception applies.[4]

The discovery from West Telemarketing is relevant to the plaintiff's credibility. It is also at least reasonably calculated to lead to discovery of admissible evidence regarding whether the plaintiff's FMLA leave was related to a serious medical condition or was related to fulfilling her employment duties with West Telemarketing.

Plaintiff has not shown that the subpoena requires West Telemarketing to disclose any privileged or otherwise protected information. Plaintiff has not shown good cause for issuance of a protective order.

Accordingly, the plaintiff's Motion/Opposition to Subpoena to

---

[4] Rule 45(c)(3) includes other grounds for quashing a subpoena, none of which appear to apply to the subpoena to West Telemarketing.

West Telemarketing, treated as a motion to quash the subpoena and for a protective order, is denied.

Baton Rouge, Louisiana, October 30, 2008.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE