UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NAOMI SANDRES                                    CIVIL ACTION

VERSUS                                           NUMBER 08-145-FJP-SCR

STATE OF LOUISIANA, DIVISION OF
ADMINISTRATION, OFFICE OF RISK
MANAGEMENT

### **RULING**

The matter before the Court is the defendants' motion to dismiss.[1] The plaintiff has filed an opposition to this motion.[2] For reasons set forth below, the defendants' motion is granted.

The Court will discuss each of the issues involved in the case. A review of the record reveals that the allegations in paragraphs 11, 12, 66, 67, and 73 of the plaintiff's second amended complaint were dismissed by the Court on October 3, 2008.[3] Therefore, the plaintiff may not use these allegations to prove her discrimination claim in this suit.

The plaintiff further alleges in her second amended complaint that defendants violated the Louisiana Public Records Act. This Court has original jurisdiction over plaintiff's Title VII claims based on 28 U.S.C. 1331. The Court may exercise supplemental

---

[1] Rec. Doc. No. 58.

[2] Rec. Doc. No. 67.

[3] Rec. Doc. No. 56.

Doc#45787

jurisdiction under 28 U.S.C. 1367 over all claims that are so related to the federal claims that are within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

The Court has great discretion as to whether the Court should exercise supplemental jurisdiction in the case. In *United Mine Workers v. Gibbs*[4], the U.S. Supreme Court set forth three requirements which should be met to exercise supplemental jurisdiction: (1) the federal claim must have substance sufficient to confer subject matter jurisdiction on the court; (2) the state and federal claims must have a common nucleus of operative facts; and (3) the claims are such that they would ordinarily be tried in one judicial proceeding.

In *Lyon v. Whitsman*[5], the court stated that the common nucleus of operative facts occurs when the federal and state claims are merely alternative theories of recovery based on the same acts.  It is clear that in the instant case the plaintiff's state law claim is based on a wholly and entirely different theory of recovery based on a different alleged act.

The Louisiana Public Records Act provides the public with a remedy upon denial of the right to inspect or copy a record covered by the Act.  The plaintiff's federal claim in the instant suit over

---

[4] 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

[5] 45 F.3d 758, 761 (3d Cir. 1995) (citing *Lentino v. Fringe Employee Plans, Inc.* 611 F.2d 474, 479 (3d Cir. 1979)).

Doc#45787

which this Court has original jurisdiction is based on an alleged racial discrimination claim.  Therefore, the Court finds that there is no common nucleus of operative fact between the plaintiff's state and federal law claims. Thus, the Court does not have supplemental jurisdiction under 28 U.S.C. 1367.  The plaintiff's state law claims are dismissed without prejudice.  The defendants' argument that the Louisiana Public Records Act is barred by the 11th amendment is denied as moot.

THEREFORE IT IS ORDERED paragraphs 11, 12, 66, 67, and 73 of the plaintiff's second amended complaint are dismissed.[6]

IT IS FURTHER ORDERED that the plaintiff's state law claim involving violation of the Louisiana Public Records Act is hereby dismissed without prejudice.

IT IS SO ORDERED.

Baton Rouge, Louisiana, February 5, 2009.

_____
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

---

[6] The plaintiff's motion to amend her opposition to this motion is granted.(Rec. Doc. No.91.)

Doc#45787