UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NAOMI SANDRES

VERSUS

STATE OF LOUISIANA
DIVISION OF ADMINISTRATION,
OFFICE OF RISK MANAGEMENT

CIVIL ACTION

NUMBER 08-145-FJP-SCR

**RULING MOTION FOR REASON**

Before the court is the plaintiff's Motion for Reason Plaintiff Was Not Entitled to a Warning in Writing of Limited Time to Respond to Defendant's Motion If Not the Customary Time Limit Given, Docket Number 96.  Record document number 109.

This motion is unnecessary and serves only to waste the parties' - and the court's - time and resources.  The district judge's Ruling ordered the plaintiff to be deposed within 30 days after February 4, 2009.[1]  The order did not require that the defendant schedule the plaintiff's deposition on a date convenient for the plaintiff, or even that she be consulted about the date. Plaintiff <u>never</u> had - either before the district judge's order or because of it - a "right" to choose the date and time for her deposition.  She had that opportunity - but she squandered it by not agreeing to be deposed any of the dates offered by the defendant.[2]  Plaintiff points to no provision of the Federal Rules

---

[1] Record document number 94.

[2] See record document number 76, Motion to Compel Plaintiff's Deposition.

of Civil Procedure which give her any "right" to pick where and when she will be deposed.

Defendant requested to take the plaintiff's deposition on February 25, which was clearly within the district judge's 30-day time limit, and that it be taken at the courthouse. Given the contentious discovery history in this case, it was reasonable to request that her deposition be taken at a location where a judicial officer would be immediately available to resolve any discovery dispute that might arise. During the course of the deposition, a dispute did arise and was resolved promptly by the magistrate judge. Plaintiff has offered nothing to show that taking her deposition at the courthouse was more inconvenient for her than it was for the defendant. Clearly, she could not have made any plausible argument in opposition to the defendants request when the request was made. Waiting for the plaintiff to make a meritless argument would have delayed her deposition and likely have caused both parties to violate the district judges's 30-day deadline. Even now, in her motion, the plaintiff makes no argument that taking her deposition at the courthouse was not warranted, or that scheduling it for February 25 was somehow improper.

The court has the duty under Rule 1, Fed.R.Civ.P., to construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy and inexpensive determination of every action and proceeding." The court has the discretion under Rule 26 to issue protective orders as a means of controlling discovery and achieving

the goal of Rule 1.  Granting the defendant's motion to depose the plaintiff at the courthouse before waiting for her to file a response was entirely consistent with both Rule 1 and Rule 26.

Accordingly, the plaintiff's motion is granted to the extend that the foregoing explanation has been provided.

Baton Rouge, Louisiana, April 24, 2009.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE