UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NAOMI SANDRES

VERSUS

STATE OF LOUISIANA
DIVISION OF ADMINISTRATION,
OFFICE OF RISK MANAGEMENT

CIVIL ACTION

NUMBER 08-145-FJP-SCR

**ORDER TO SUPPLEMENT MOTION**

Plaintiff filed a Motion to Compel Subpoenaed Records From MV Tech That Has Been Denied Plaintiff by MV Tech Since First Request of November 6, 2008 and Last Request of July 10, 2009.  Record document number 130.  Plaintiff also filed a Motion for 60 Day Extension on Discovery.  Record document number 129.  The motion to extend the discovery deadline relies in part on the motion to compel.

The documents the plaintiff seeks are for the period from January to May 16, 2008.[1]  This time period is after the dates of the discrimination alleged in this case.  Plaintiff's supporting memoranda do not explain how the documents sought from MV Tech are relevant to her claims or the defendants' defenses.  Although

---

[1] Plaintiff's first subpoena did not identify any specific dates but rather referred to "files done by Naomi Sandres during her employment with MV Tech Auto Works, LLC."  The second subpoena identified the dates as "from January, 2008 to May, 2008." Plaintiff's third subpoena identified the dates as "from January, 2008 to May 16, 2009."  The response of MV Tech to the second subpoena stated that the plaintiff worked there from January 7 to May 15, 2008.  Therefore, the court construes the plaintiff's subpoenas as seeking records from January 7 through May 16, 2008.

discovery is broad, it is not limitless. Under Rule 26(b)(1), Fed.R.Civ.P., discovery is limited to matter that is "relevant to any party's claim or defense." However, the rule further provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."

Therefore;

IT IS ORDERED that the plaintiff shall have until August 24, 2009 to file a supplemental memorandum in support of her motion to compel discovery explaining how the documents she seeks from MV Tech are relevant to her claims or the defendants' defenses, or how she has shown good cause to expand her discovery to any matter relevant to the subject matter involved in the action.[2]

Baton Rouge, Louisiana, August 10, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] The court also notes that the plaintiff's motion to compel was served only on counsel for the defendants, whereas the motion seeks discovery from MV Tech, which is not a party. Unless the plaintiff serves the motion on MV Tech, and files a certificate of service in the record, the motion will have to be denied. However, the court will first determine whether the documents she seeks are discoverable under any part of Rule 26(b)(1) before the plaintiff is required to serve the motion on MV Tech.