UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NAOMI SANDRES

VERSUS

STATE OF LOUISIANA
DIVISION OF ADMINISTRATION,
OFFICE OF RISK MANAGEMENT

CIVIL ACTION

NUMBER 08-145-FJP-SCR

**RULING MOTION TO COMPEL SUBPOENAED RECORDS**

Before the court is the plaintiff's Motion to Compel Subpoenaed Records From MV Tech That Has Been Denied Plaintiff by MV Tech Since First Request of November 6, 2008 and Last Request of July 10, 2009.  Record document number 130.

The documents the plaintiff seeks are for the period from January to May 16, 2008.[1]  Plaintiff's supporting memorandum does not explain how the documents sought from MV Tech are relevant to her claims or the defendants' defenses.  Although discovery is broad, it is not limitless.  Under Rule 26(b)(1), Fed.R.Civ.P., discovery is limited to matter that is "relevant to any party's claim or defense."  However, the rule further provides that "[f]or good cause, the court may order discovery of any matter relevant to

---

[1] Plaintiff's first subpoena did not identify any specific dates but rather referred to "files done by Naomi Sandres during her employment with MV Tech Auto Works, LLC."  The second subpoena identified the dates as "from January, 2008 to May, 2008." Plaintiff's third subpoena identified the dates as "from January, 2008 to May 16, 2009."  The response of MV Tech to the second subpoena stated that the plaintiff worked there from January 7 to May 15, 2008.  Therefore, the court construes the plaintiff's subpoenas as seeking records from January 7 through May 16, 2008.

the subject matter involved in the action."

Because it is not apparent how the subpoenaed documents would be relevant evidence in this case, the plaintiff was given until August 24, 2009 to file a supplemental memorandum explaining how the documents she seeks from MV Tech are relevant to her claims or the defendants' defenses, or how she has shown good cause to expand her discovery to any matter relevant to the subject matter involved in the action.[2]

Plaintiff filed a supplemental memorandum.[3] Plaintiff argued in her supplemental memorandum that she "believes the defendants are in some way connected to MV Tech." Plaintiff has offered nothing to substantiate her belief, or to show that the requested documents would be relevant evidence or otherwise discoverable under Rule 26. Plaintiff's belief and feelings are not a sufficient basis to show that the documents she seeks from MV Tech fall within the scope of Rule 26.

Accordingly, the plaintiff's motion is denied.

Baton Rouge, Louisiana, August 25, 2009.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] Record document number 131.

[3] Record document number 133.